Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANNA SPADUCCINO, Respondent, for Compensation to Herself and Child under the Workmen's Compensation Law for the Death of Her Husband, DOMINIC SPADUCCINO, *v.* JOHN G. HAYES & COMPANY, Employer, and ROYAL INDEMNITY COMPANY, Insurance Carrier, Appellants.

Third Department, November 14, 1917.

**Workmen's Compensation Law — authority of State Industrial Commission to rescind commuted award and restore award with periodical payments.**

Where the State Industrial Commission, before any payment had been made on an award, or any appeal taken therefrom, and before the rights of any third parties had intervened, upon proof that the claimants, being aliens, were about to return to their native country, commuted the award, said Commission may, upon determination by the claimant to remain a resident of this country, rescind said commuted award and restore the original award which directed periodical payments.

KELLOGG, P. J., and SEWELL, J., dissented, with memorandum.

APPEAL by the defendants, John G. Hayes & Company and another, from a decision and award of the State Industrial Commission, bearing date the 18th of February, 1917.

*Frank J. O' Neill* [*Barnett Cohen* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

LYON, J.:

The single question presented by this appeal is as to the authority of the State Industrial Commission to rescind a commuted award and restore an award which directed periodical payments.

In September, 1915, the claimant's husband, who was working in Rome, N. Y., sustained accidental injuries arising out of and in the course of a hazardous employment which resulted in his death in February, 1916. His widow and only child were at these times aliens and resided in Italy. In September, 1916, the widow and child came to this country, and a few days after her arrival in the city of New York she filed a claim for compensation. In October, 1916, the State Industrial Commission duly made an award to the widow and child payable in regular biweekly sums. In November, 1916, the widow appeared before the Commission and testified that she did not intend to remain in this country. Thereupon the Commission, upon the request of the insurance carrier, commuted the future payments of compensation at the present value, and directed that the same be paid in a lump sum on the basis of fifty per cent thereof as of December 15, 1916. Later it appeared to the Commission that the widow had changed her mind as to returning to Italy and had decided that she and her child would remain in this country. The Commission thereupon on January 4, 1917, made findings and entered an award of that date corresponding to the original award, stating therein that in commuting the payments of compensation to a lump sum the Commission had acted upon an error of fact, and that the resolution of commutation, and the commutation were thereby rescinded. From such decision and award this appeal has been taken.

Section 25 of the Workmen's Compensation Law provided that compensation under the act should be payable periodically in accordance with the method of payment of wages of the employee at the time of his injury or death, although the Commission might require payments to be made at any other periods as it might deem advisable, and also might whenever it should so deem advisable commute such periodical payments to one or more lump sum payments to the injured employee, or, in case of death, his dependents, providing the

same should be in the interest of justice.   Section 17 provided that compensation to aliens not residents (or about to become non-residents) of the United States or Canada should be the same in amount as provided for residents, except that the Commission might, at its option, or upon the application of the insurance carrier should, commute all future installments of compensation to be paid to such aliens by paying or causing to be paid to them one-half of the commuted amount of such future installments of compensationas determined by the Commission.

The evident purpose of the provisions of section 25, regulating the times of payment of compensation, was not only for the convenience of the employee and dependents by requiring the payments to be in general made with the usual frequency of the payment of wages, but also to guard against the liability of unfortunate or improvident employees or dependents becoming charges upon public charity.   As to non-resident alien dependents, or aliens about to become non-residents, the latter danger did not exist, hence the propriety of the provisions of section 17, providing for the making of commuted payments.   After the claimant had determined to remain a resident of this country neither she nor the appellants had longer any right to insist upon the payment of the commuted award which she had obtained upon the application of the insurance carrier and under the representation that she was about to return to Italy and reside there.   At the time the Commission rescinded the award no payment had been made thereon, nor any appeal taken therefrom, nor had the rights of any third party intervened, so far as appears.   The payment of the award in a lump sum would not only have been most unwise, but the Commission was fully justified as matter of law in rescinding the award.   Section 74 of the Workmen's Compensation Law provided that the power and jurisdiction of the Commission over each case should be continuing, and that the Commission might from time to time make such modification or change with respect to former findings or orders relating thereto, as in its opinion might be just.   The broad powers given to the Commission by this section were in keeping with the general scope of the law, and were ample, we think, to justify the Commission in rescind-

ing an award which had been procured under an error of fact for which the Commission was in no way responsible.

The decision and award appealed from should be affirmed.

All concurred, except Kellogg, P. J., who dissented, with memorandum, in which Sewell, J., concurred.

Kellogg, P. J. (dissenting):

At the time of the award the widow and child were non-resident aliens and, therefore, under section 17, the Commission, upon the application of the insurance company, was required to commute the award to one-half the amount which would be paid to a resident. Under section 25 an award may be commuted at the discretion of the Commission, in the interest of justice. Under section 17 an award to a non-resident alien must be commuted on a fifty per cent basis.

The right to death benefits depends upon the situation at the time of the death or injury. I think the fair meaning of section 17 is that the benefits payable to an alien who was a non-resident at the time of the death, or to an alien who becomes a non-resident at any time thereafter, must be commuted on a fifty per cent basis. It is true the section says the compensation shall be the same in amount as provided for residents, and the ordinary provision is that the payments shall be made periodically and the Commission may, in the interest of justice, commute them. But section 17 makes an exception to the rule that a non-resident alien shall receive the same amount as a resident in providing that the amount payable to a non-resident must be commuted by paying to him one-half of the commuted amount. Technically the section contemplates that the original award shall be in the same amount to each but that the award to the non-resident must be commuted on a fifty per cent basis at the request of the insurer. However the result is arrived at, the effect is that the non-resident alien can under the statute receive but one-half the amount which a resident alien receives.

The question, therefore, is, can a non-resident beneficiary, by becoming a resident after the death, double the amount of the compensation which the insurance carrier must pay? I think the rights of the beneficiaries were fixed in this case at the time of the death and at the time of the original award,

and that it was immaterial thereafter to the Commission and the insurer whether the beneficiaries remained in this country or returned to Italy. I, therefore, favor a reversal and a restoration of the commuted award.

SEWELL, J., concurred. ·

Award affirmed.