Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MRS. HEDWIG LAURITZEN, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, EDWIN LAURITZEN, *v.* TERRY & TENCH COMPANY, INCORPORATED, Employer, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Insurance Carrier, Appellants.

Third Department, November 18, 1920.

**Workmen's Compensation Law — commuting periodical payments to lump sum — periodical payments favored — condition precedent to lump-sum award — when lump sum should not be awarded.**

It is the purpose of the Workmen's Compensation Law to continue the wage income as nearly uniform as the provisions of the law will permit, after the injury or death of the employee, and not to award a lump sum, though a lump sum may be awarded " provided the same shall be in the interest of justice."

The condition precedent to a lump-sum award is that justice shall be done and this involves actual knowledge, so far as prudence and foresight can go, of facts and circumstances which justify a deviation from the primary spirit of the law.

Under all the circumstances of the case and the situation, knowledge and ability of the claimants it was not " in the interest of justice " to award them a lump sum of more than $5,000 in commutation of the periodical payments.

COCHRANE and H. T. KELLOGG, JJ., dissent.

APPEAL by the defendants, Terry & Tench Company, Incorporated, and another, from a decision and award of the State Industrial Commission, made on the 30th day of June, 1919, and also from a decision and award of said Commission made on the 13th day of January, 1920.

*William Warren Dimmick,* for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The question involved in this case is whether the State Industrial Commission has acted within its powers in directing the commutation of the awards to a widow and her infant daughter and the payment of a lump sum. There is no dispute that Edwin Lauritzen, aged forty-five years, suffered injuries on the 17th of January, 1917, resulting in his death on that day, while in the employ of the Terry & Tench Company, Incorporated, of New York city, and that his average earnings per day were $5.50. There is no question as to the amount of the award, but the appellants do insist that the State Industrial Commission erred in its order directing that the two awards, made to the widow and daughter of the decedent, be commuted and paid in a lump sum aggregating $5,258.85.

Section 25 of the Workmen's Compensation Law (as amd. by Laws of 1915, chap. 167), which was in force when the injuries were received, provides that "Compensation under the provisions of this chapter shall be payable periodically by the employer, in accordance with the method of payment of the wages of the employee at the time of his injury or death, and shall be so provided for in any award; but the Commission may determine that any payments may be made monthly or at any other period, as it may deem advisable; " and it was obviously the intelligent purpose of the Legislature to continue the wage income as nearly uniform as the provisions of the law would permit, after the injury or death of the employee. Prior to the award herein, this section, so far as material, had been amended by chapter 629 of the Laws of 1919, and the phraseology slightly changed, but in substance it remained the same. "The evident purpose of the provisions of section 25, regulating the times of payment of compensation, was not only for the convenience of the employee and dependents by requiring the payments to be in general made with the usual frequency of the payment of wages," say the court in *Spaduccino* v. *Hayes & Co.* (180 App. Div. 37), " but also to guard against the liability of unfortunate or improvident employees or dependents becoming charges upon public charity," and in the case cited it was held that the State Industrial Commission had the power to rescind a lump-sum award and restore the periodical payments, under the provisions of section 74 of the Workmen's Com-

pensation Law, giving continued jurisdiction of each particular case and authorizing the Commission to make such modifications or changes from time to time as in its opinion might be just. This section (74) in connection with section 22 clearly indicates the purpose of the Legislature to keep the whole matter of compensation within the jurisdiction of the Commission, and we should not make any strained construction of the statute to permit of the payment of a lump sum to a widow for the purpose of permitting her to engage in an alleged farming proposition outside of the jurisdiction of the Commission. The claimant here has asked, and has been awarded, a lump sum in excess of $5,000 for the avowed purpose of purchasing a farm in Iowa, and one of the Commissioners has expressed the opinion that no better investment could be made, although the record now before us is utterly barren of any evidence to support such a conclusion, and, so far as we may know from anything in the record, the permission granted might as well have been made for the purchase of " castles in Spain " or municipal milk plants in Mars. The provision of the statute under which this lump-sum award is assumed to be made, and which is a part of section 25, is that " The Commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump sum payments to the injured employee, or, in case of death, his dependents, provided the same shall be in the interest of justice; " and we are to determine whether the Commission, without any evidence to support its conclusion, may defeat the primary object of the statute and work an injustice upon the insurance carrier, such as is indicated by the discussion in *Sperduto* v. *New York City Interborough R. Co.* (186 App. Div. 145, 151).

In the first place there is no assurance that the claimant will, if she reduces the award to possession, purchase a farm in Iowa. In the second place, while it may be accepted as a truism that the purchase of a farm in Iowa would be a good investment in the abstract, there is nothing to justify the assumption that every purchase of a farm in Iowa would prove profitable or desirable. The claimant appears to be a woman who is earning now less than ten dollars per week washing and scrubbing, which suggests the thought that she is not making the most of her opportunities; that she is lacking in

the business faculty of getting the best price for her labor which the market will stand, or that she is a very poor washer and scrubber. If we may travel afield with the same assurance of the learned Commissioner who thinks the purchase of a farm in Iowa is the best kind of an investment we will find that Iowa is a corn and hog-raising State; that this is its chief industry. We will find, also, that land which raises corn in profitable quantities in Iowa in these days is worth in the market from $300 to $400 per acre. If we accept the lower figure, and assume the available sum at $6,000, we find that this claimant might purchase twenty acres of Iowa farm land, without buildings or equipments of any kind, while it is well known that profitable farming in Iowa requires a large acreage and a machinery equipment equal to that of many small factories and a capital which enables the farmer to handle his output to advantage. If any one asserts that this is a good investment for a woman of forty years of age with a delicate daughter of fourteen years of age on her hands to support, he is stronger on assertion than he is upon knowledge of conditions which prevail in the middle west in these days. But twenty acres are not available in Iowa; they are held in large parcels and cultivated at wholesale, and you probably could not find a twenty-acre farm in the State of Iowa of any practical value which could be purchased at any price within reason.

But, beyond this, and assuming that such a farm might be found, who is to know that these alleged brothers-in-law would give her sound advice, and that the proposed venture will not in the end leave her to come back into the State of New York to become a charge upon the community? Such things have happened, and this woman in her testimony displays no such knowledge of business affairs as justifies any one in intrusting her with more than $5,000 in money outside the jurisdiction of the State of New York and its Industrial Commission. Perhaps at no time in the history of the country have there been so many " get-rich-quick " schemes to lure the inexperienced into futile investments, and the policy of the Workmen's Compensation Law and every consideration of the welfare of this woman, as well as the justice which belongs to the insurance carrier, demands that this lump-sum award should be reversed, and that the claimant should be paid the compensation which

the law contemplated should be paid under such circumstances. The discussion of this court in the recent cases of *Adams* v. *N. Y., O. & W. R. Co.* (175 App. Div. 714) and *Sperduto* v. *New York City Interborough R. Co.* (186 id. 145) and of the Court of Appeals in affirming *Matter of Adams* v. *N. Y., O. & W. R. Co.* (220 N. Y. 579), all lead to the reversal of this award and the substitution of the periodical payments which it attempts to supersede. There must be special facts and circumstances to justify an exception to the specific rule laid down in section 25 of the Workmen's Compensation Law, and generally the fund which is provided for promoting the comfort and safety of citizens of the State of New York should not be gathered into a lump sum and sent into a remote jurisdiction to gratify some passing fancy of the claimant. The experience of those who have come into the possession of insurance funds does not justify the lump-sum system except under very special circumstances, and the radical innovation in our industrial system growing out of the adoption of the Workmen's Compensation Law can only be justified by a prudent care over those whose daily wants were proposed to be cared for in the event of death of the bread-winner. The condition precedent to a lump-sum award is that justice shall be done and this involves actual knowledge, so far as prudence and foresight can go, of facts and circumstances which justify a deviation from the primary spirit of the law.

The award should be reversed and the periodical payments should be resumed.

All concur, except COCHRANE and H. T. KELLOGG, JJ., dissenting on the authority of *Matter of Dodd* v. *Four Sixty-one Eighth Avenue Co., Inc.* (227 N. Y. 597).

Award reversed and direction given that the periodical payments be resumed.