# BALTIMORE CITY COURT.

Filed December 28, 1921.

ANNA FROME, CLAIMANT,
VS.
FURST BROTHERS COMPANY, EM-PLOYER, AND NEW AMSTERDAM CASUALTY COMPANY, INSURER.

*Frank Driscoll* for claimant.

*Aubrey Pearre* and *W. L. Henderson* for insurer and employer.

DAWKINS, J.—

This is an appeal from the Industrial Accident Commission on the ground that the proven facts and circumstances will not warrant the commutation of the compensation of the amount to be paid in a "lump sum," because there is no testimony to show that it is to the advantage of the beneficiary or that the exercise of the discretion allowed to the Commission would justify such allowance, and on the further ground that there is no method whereby a fair and proper "lump sum" can be obtained so that any such plan or method of ascertainment would be based upon purely speculative premises. There are occasions when it would seem to be the court's duty to protect people from themselves. By the computation of allowance the claimant would lose about $1,000, so the question calls for the greatest consideration.

As to the question of fact stated above, I would be strongly inclined to accept the judgment of the Commission. Many of the cases cited have been examined, but time will not be taken to repeat the findings in these cases. Let it be conceded, for the sake of argument, that it has been shown that it is necessary for the conversion to be

made for the purpose of getting a home in the open for the sick child, then what plan should be followed in arriving at the amount of compensation?

The spirit and purpose of this law is to provide a real and speedy aid that will bring into the hands of the dependents of an injured or killed person a compensation in the nature of a weekly allowance or wage to take the place of the breadwinner so far as may be possible to do it.

There should be no departure from this principle save in exceptional cases. If the wage were continued and the party had lived, there would have been no way of receiving the lump sum. Section 50 of the law provides for the benefits for dependents and Section 51 permits the Commission to "convert the compensation to be paid in a partial or total lump sum."

Section 44, however, provides: "If beneficiary should reside or remain out of the United States and shall be a non-resident for one year, the Commission may convert the payments to a lump sum not to exceed $2,400 by paying a sum equal to three-fourths of the then value"; and Section 36 provides that "any compensation payable to any decedent unpaid at time of death of any such dependent shall survive to and be vested in the surviving dependent. If there be no such surviving dependent the compensation shall cease," and Section 43 provides that in case of remarriage of a dependent widow without dependent children at the time of remarriage she shall receive compensation for one year after remarriage.

With these sections construed in connection with Section 50, who can say how the sum can be arrived at or what portion of the converted fund would become the property of the widow?

In 184 N. Y. Supp. 683, a very similar situation to what we have here exists. The widow wanted to buy a farm to help the better to care for a sick daughter. The court determined that the discretion, quite similar to that given under our law, was improperly used in making the conversion.

Taking the several sections of the law, as quoted, in connection with the circumstances of the case before us, we are forced to the belief that the several cases cited by counsel do not seem to specially clear the situation we find in the present case. The conclusion must rest on the manifest impossibility of arriving at any proper, fair, definite or controlling rule by which the conversion can be made as in a case of this character. The court will grant the fifth prayer of the employer and insurer, and does, therefore, reverse the finding of the Commission, and the verdict of the court sitting as a jury is for the employer and insurer.