Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of SAMUEL COHEN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* ASHFORD PLUMBING COMPANY, Employer, and THE GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LIMITED, Insurance Carrier, Appellants.

Third Department, November 15, 1922.

Workmen's Compensation Law — case may be reopened after award denied — Workmen's Compensation Law, §§ 22 and 74 (now § 123) construed — claim for sprained back — award affirmed as there was evidence to sustain finding.

The State Industrial Board has the power under sections 22 and 74 (now section 123) of the Workmen's Compensation Law to reopen a case and make an award after it has rescinded a prior award on the ground that the claimant's condition was not the result of the accident.

Inasmuch as there was some evidence to support the finding of the State Industrial Board that the claimant sustained injuries in the nature of a contused back and sprained lumbar muscles, the Appellate Division is bound by the finding and the award should be affirmed.

HASBROUCK and KILEY, JJ., dissent, with opinion.

APPEAL by the defendants, Ashford Plumbing Company and another, from a decision and award of the State Industrial Board

---

made on the 23d day of June, 1921, as thereafter corrected by notice of award dated March 22, 1922.

*Alfred W. Meldon* [*Joseph Force Crater* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Hinman, J.:

The State Industrial Commission at first made an award of sixty dollars for four weeks' disability at fifteen dollars per week, which was paid. Later the State Industrial Commission decided to " rescind previous award," saying " case disallowed — condition not the result of accident." Thereafter the claimant wrote a letter to the Commission requesting a rehearing which was granted by the State Industrial Board. The original award was reinstated which had been rescinded and an additional award for six weeks' compensation was made and the case closed.

There are two questions in this case. The appellants raise the question as to the right of the State Industrial Board to reopen a case after there has been a denial of an award. This was settled in the case of *Beckmann* v. *Oelerich & Son* (174 App. Div. 353, a reopening after decision denying an award). (See, also, *Kriegbaum* v. *Buffalo Wire Works Co., Inc.,* 182 id. 448; affd., 224 N. Y. 621; *Spaduccino* v. *Hayes & Co.,* 180 App. Div. 37; affd., 223 N. Y. 681; *Eggleston* v. *Shinola Co.,* 191 App. Div. 930; affd., 229 N. Y. 622; *Metcalf* v. *Firth Carpet Co.,* 196 App. Div. 790.) What was later said by Mr. Justice Woodward in the case of *Conley* v. *Upson Co.* (197 App. Div. 815) was not adopted by the court as the basis of its decision.

The decision in the *Beckmann Case* (*supra*) remains the precedent in this court. The theory of that decision was that section 74 of the Workmen's Compensation Law (now section 123) must be liberally construed. We find no justification in reversing the precedent established by this court in view of the uniform practice followed since that decision and especially since the Legislature by the Laws of 1922, chapter 615, has now eliminated any possible doubt on the subject. Sections 22 and 123 of the Workmen's Compensation Law, as so amended and revised, now expressly add the words " decision or order " to the former word " award " and the words " awards " and " decisions " to the former words " findings " and " orders " and expressly permit that which this court has uniformly held to be permissible under the statute prior to such amendment.

The second question resolves itself into a simple one of fact as to

whether the claimant was suffering from a sprained back for the period covered by the compensation or whether he was suffering from sciatica. The claimant had not been sick prior to the accident and the doctor who treated him testified that he found no signs of sciatica. There being evidence to sustain the finding of the Board that the claimant " sustained injuries in the nature of a contused back and sprained lumbar muscles," we are bound by that finding. (See Workmen's Compensation Law, § 20.)

The award should be affirmed, with costs in favor of the State Industrial Board.

H. T. KELLOGG, Acting P. J., and VAN KIRK, J., concur; HASBROUCK, J., dissents, with opinion in which KILEY, J., concurs.

HASBROUCK, J. (dissenting):

This is an appeal from an award of the State Industrial Board made to claimant June 23, 1921, and corrected March 22, 1922.

On March 17, 1921, the employer made a report of Cohen's injury, stating the nature of the injury as follows: " Back ache." April twentieth, the attending physician, Jacob Gold, made a report describing the injury as " contused back, strained lumbar muscles, painful extremities."

Cohen's claim for compensation which was submitted in writing on April 20, 1920, states his injury as follows: " Badly strained back. Sprained left hip. Complications of left side."

The State Industrial Commission on May 18, 1920, made an award of sixty dollars for four weeks' disability at fifteen dollars per week. The insurance carrier paid the four weeks' compensation and stopped. On February 25, 1921, the State Industrial Commission decided to " rescind previous award," saying " case disallowed — condition not the result of accident." Thereafter the claimant wrote a letter to the Commission saying among other things, " it is up to you to consider if this case should have a rehearing."

On June 23, 1921, the Industrial Board granted the motion to reopen the case and made an additional award of six weeks' compensation at fifteen dollars a week, making a total award of ten weeks' compensation, and the case was closed.

March 22, 1922, a corrected notice of award embodying the same terms was made by the Industrial Board. On April 19, 1922, the State Industrial Board made its conclusions of fact and rulings of law. Two appeals, one dated July 13, 1921, and one dated April 13, 1922, bring up for review the acts of the State Industrial Board and its predecessor, the State Industrial Commission. The appellants urge among other reasons for a reversal of the award of June 23, 1921, and the corrected award of March 22, 1922, that

the Board was without power to grant a rehearing therein reversing the former decision of the Commission without proof of change of conditions or any new testimony whatsoever. This contention of the appellants seems to find support in the case of *Conley* v. *Upson Co.* (197 App. Div. 815). In that case, Mr. Justice WOODWARD writing for the Appellate Division said: " It is to be noted that no award was made; the claim was denied; and we know of no provision of law by which a claim which has been denied upon a hearing can be reopened, except by an appeal in the manner provided by the statute."

At the time of the dismissal of the claim in the case at bar, section 22 of the Workmen's Compensation Law provided; " Modification of award. Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Commission [now Board] may at any time review any award, and on such review, may make an award ending, diminishing or increasing the compensation previously awarded." (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 22.) The words " decision or order " which now appear in section 22 of the statute were placed there in pursuance of chapter 615 of the Laws of 1922, which became a law April 13, 1922, to take effect July 1, 1922, and which revised and amended chapter 67 of the Consolidated Laws.

The apparent purpose of the amendment was to avoid the effect of the decision of the *Conley* case. Since the remedy resorted to by the Commission was not available when used, its action was unwarranted.

The award appealed from should be reversed, with costs.

KILEY, J., concurs.

Award affirmed, with costs in favor of the State Industrial Board.