Before STATE INDUSTRIAL BOARD, Respondent.

ALEX MANDELBLATT, Claimant, Respondent, *v.* EMIL AUSWAKS and Others, Appellants.

Third Department, November 15, 1923.

**Workmen's compensation — lump sum award — interest of justice under Workmen's Compensation Law, § 25, not furthered by lump sum award to permit claimant to enter doubtful business.**

A lump sum award under section 25 of the Workmen's Compensation Law is not in the interest of justice and should not be made where it appears that the claimant is thirty-four years old, is married and has three children, the eldest of whom is fifteen years, and has no property, and where the only reason set forth by the claimant for desiring a lump sum award is to enable him to put his wife into the business of manufacturing ladies' waists by purchasing an interest in a concern, the financial condition and legal status of which is very doubtful, and where it further appears that the price for which the interest is offered is much larger than the value thereof.

APPEAL by the defendants, Emil Auswaks and others, from an award of the State Industrial Board, made on the 18th day of September, 1922.

*Robert H. Woody* [*Neile F. Towner* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

HASBROUCK, J.:

Alex Mandelblatt, a painter employed by Auswaks & Moskowitz, sustained injuries on November 9, 1920, resulting in the loss of three-fourths of the use of his left leg and one-fourth of the use of his left hand. He had been paid under an award of the Industrial Board compensation for ninety-seven weeks at twenty dollars per week.

Then in May or June, 1922, he moved to have his compensation commuted under section 25 of the Workmen's Compensation Law of 1914 (as amd. by Laws of 1919, chap. 629, and Laws of 1921, chap. 540), and an award was made on his application for $3,392.79.

From this award the employers and carriers have appealed.

There is only one question presented. Is the lump sum award " in the interests of justice? " (Workmen's Compensation Law, § 25.) The claimant himself thirty-four years old has a wife thirty-two years old and three children, the eldest of whom is fifteen years old, and has no property. The proposition submitted to the Industrial Board was that claimant should be awarded the lump sum in order that he might put his wife in the business of manufacturing ladies' waists. Edward Kummer is the wife's brother. He with one Lobel are the Yale Waist Manufacturing Company of 20 West Twenty-second street, New York. That company is the successor of the Yale Waist Company which went into voluntary bankruptcy in 1918, with assets of $2,000 and debts of $10,000. It appears that Edward Kummer claims he is a partner of Lobel's. These partners rent a loft at 318 Burnett street, New Brunswick, N. J., where, because of cheaper labor to be had there, they have manufactured waists. The manufacturing outfit consists of some thirty second-hand machines, two, fifteen to twenty-five horse power motors and some cutting tables made from packing boxes except the tops.

Kummer testified that this plant had been in operation since the spring of 1921. But it was not in operation on July 21, 1922, when the witness Fay was there nor had it been for two weeks and the business had been very slow for three or four months. Kummer says of it, " last year was kind of good." Of the building in New Brunswick the New York company had a lease which had expired at the time of the hearing.

The simplicity of the claimant is pathetic. Mrs. Whitney asked him: " Have you talked to Mr. Lobel at all? The claimant: We

have not got to talk to Mr. Lobel.   *   *   *   That man will do for us anything in the world." Mr. Curtis: " It is all a family affair   *   *   *.   The claimant: If we didn't know it was good I would not go into that business.  Mrs. Whitney: What do you know about the business?  The claimant: I don't know much about the business but my wife knows and my brother knows it well.   *   *   *   My brother would not let me go into it if it would not be right."

We know the character of the claimant.  We know the property at Burnett street, New Brunswick, and its value, but we do not know who owns it.  Edward Kummer says Lobel and himself, partners, doing business under the firm name of Yale Waist Manufacturing Company, own it.  The witness Fay says that the Yale Waist Manufacturing Company is a corporation.  If that be so it has capital stock and if it has capital stock it is represented in the ownership of the New Brunswick plant.  It seems to me if Edward Kummer wanted to help his brother-in-law, the claimant, he would not attempt to do it by selling the wife a half interest in an expired lease and an expiring business.  He would sell her stock in the corporation of the value of half the New Brunswick plant. The proposed transaction looks ugly to me.  The Yale Waist Manufacturing Company, Inc., has property in New Brunswick worth anywhere from $350 to $1,800.  In any event there is there not more value than $3,300 and that would, by the carrying out of the proposed arrangement, result in the sale of its plant for three times what it is worth and without obligation to carry on in New Brunswick at all.  Lobel is stated to be the reliable man and Lobel is silent.

I have no confidence in the good faith of a brother who would take every dollar from his sister and hand her a promise he might not be able to perform and half ownership in a property for which he asks pay for the whole.  It would be far better for the claimant having nearly four years of compensation under the law to use that for the support of his family and their education together with what his wife and self might earn in the meantime rather than to risk so much of significant money in such illusory values and in such an inconstant enterprise.

The award for a lump sum should be reversed and the case remitted to the Board for further consideration, without costs.

H. T. KELLOGG, VAN KIRK, HINMAN and McCANN, JJ., concur.

Award reversed and matter remitted to the State Industrial Board for further consideration, without costs.