Before STATE INDUSTRIAL BOARD, Respondent.

CHARLES M. BELL, Respondent, *v.* GEORGE H. FRASER and Another, Appellants.

Third Department, November 13, 1924.

Workmen's compensation — lump sum award — improper to award lump sum to enable claimant to buy home or farm in absence of evidence as to nature of investment, location of property or its value — money paid to claimant by employer, after injury, as salary, will not be returned — under Workmen's Compensation Law, § 20-a, as it existed in 1920, date of accident, reimbursement for advances cannot be made until award is made — Workmen's Compensation Law, § 25, now makes that specific provision.

A lump sum was improperly awarded to the claimant, since it appears that his desire therefor was based on a wish to buy a home or a farm and that there is no evidence as to the location of the particular property he wishes to buy,

that he has selected any particular farm' or home, as to the actual value thereof, or that a farm or home would meet the needs of the claimant and his family; it would not be in the interests of justice to make a lump sum award in this case on the facts developed.

An employer will not be reimbursed for money paid to an employee as salary and not as an advancement of compensation.

Furthermore, reimbursement of advances could not be made under section 20-a of the Workmen's Compensation Law as it existed in 1920, the date of the accident, until an award was actually made to the claimant; an application before the award was premature.

Section 25 of the present statute specifically provides that the application shall not be made until after the award.

APPEAL by the defendants, George H. Fraser and another, from an award of the State Industrial Board, made on the 3d day of July, 1923, also from awards made on the 25th day of February, 1924, and the 10th day of June, 1924.

*William Warren Dimmick,* for the appellants.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Board.

*G. E. Hunt,* for the claimant, respondent.

McCANN, J.:

On November 27, 1920, Charles M. Bell while employed by George H. Fraser in supervising the installation of machinery received very serious injuries which resulted in the dislocation of his right shoulder joint and a compound fracture of the right humerus with a resulting infection which caused the permanent loss of use of ninety-nine per cent of his right arm. A schedule award has been made under subdivision 3 of section 15 of the Workmen's Compensation Law, the rate being fixed at $20 per week covering a period from the date of his injury to October 30, 1926, being ninety-nine per cent of the full amount of time allowed by such schedule. The total amount awarded is $6,177.60 and is commuted to $5,257.10 assuming that forty-one weeks of compensation had been previously paid to claimant, that being the length of time that the claimant was actually out of employment.

Four appeals have been taken, but the questions raised are all involved in the matters brought up for review under the appeal from the award of June 10, 1924, as set forth in the findings and rulings under date of July 22, 1924. Two objections are made. The first is as to a lump sum award on the theory that the testimony does not justify it. The language of the statute which allows the award to be made in a lump sum and commuted from periodical

36

payments is based on the provision that the same " shall be in
the interests of justice." *   The only proof offered to bring this case
within the provisions of the statute is that the claimant had a
wife and two children aged thirteen and five years respectively;
that his duties required his absence from home a considerable
portion of time; that he was living in a seven-room house and
paying $85 per month rent; that his salary at that time was $250
a month; that he wanted to build or buy a home in the State of
Pennsylvania or Maryland or in central New York but had not
decided in which State; he had not selected a place; that he was
intending to look at a place at Norristown, Penn.   This latter
place had with it a few acres of land.   There were two other
places which he intended to inspect.  . He had no funds to purchase
either of the places and that he desired a lump sum for such pur-
chase.   One of the places that he had in mind was a $6,000 proposi-
tion and included twenty-seven acres of land; another involved an
expenditure of $8,000 and included five acres of land.   He was
not a farmer.   It does not appear where the places were located,
or whether the amounts mentioned were fair and reasonable prices.
He did not know the cost of the property nor whether the title
thereof was clear.   He was forty-two years of age; he knew nothing
of values of property and had no experience in buying or selling
the same.   His business experience had never covered any line
which would qualify him to act in the purchase of property, nor
did he show that there was any property available which could
be purchased at a fair price, nor was there in fact before the
referee anything upon which he could act in determining whether
or not the award was justifiable.   The referee was left without
any facts upon which he could make a finding as to the nature
of the investment proposed to be made, the location of the property
or its value or what would meet the needs of the claimant and
his family.   In fact the evidence shows that at one time during
the proceedings before the referee, the claimant objected to a
lump sum award and that at a later hearing he withdrew such
objection.   The award made in this case, according to the state-
ment of the referee, must have been based upon the observation
of the claimant himself as being " as smart and shrewd as the
average man who buys a house."   The law in this State has been
well established that " the condition precedent to a lump-sum award
is that justice shall be done and this involves actual knowledge,
so far as prudence and foresight can go, of facts and circumstances

---

* See Workmen's Compensation Law of 1914, § 25, as amd. by Laws of 1919,
chap. 629; since amd. by Laws of 1921, chap. 540, and now Workmen's Compen-
sation Law of 1922, § 25.— [REP.

which justify a deviation from the primary spirit of the law."
In *Lauritzen* v. *Terry & Tench Co., Inc.* (193 App. Div. 809), two
arguments are presented against sustaining a lump sum award,
both of which are applicable to the case at bar: (1) that there
was no assurance that the claimant would purchase the property
in question; in fact there was no specific property intended to be
purchased; (2) that there was nothing to justify the assumption
that any investment which the claimant had in mind or the court
had in mind would prove profitable or desirable.

In *Adams* v. *N. Y., Ont. & Western R. Co.* (175 App. Div. 714)
the court says: "The exception must be ' in the interest of justice '
and should not depend on the whim or caprice of the claimant or the
employer, nor should it depend on an arbitrary ruling of the Com-
mission. Each case should be considered by itself and in each case
it should be apparent that there is some circumstance or some fea-
ture thereof which differentiates it from the general rule and makes
it apparent that such differentiation is ' in the interest of justice.' "
(See, also, *Mandelblatt* v. *Auswaks*, 207 App. Div. 73; *Sperduto* v.
*N. Y. City Interborough R. Co.*, 186 id. 145.) The rule as to suffi-
ciency of evidence in *Matter of Hansen* v. *Turner Construction Co.*
(224 N. Y. 331) should be applied in a case of this kind to determine
what is " the interests of justice."

The second proposition is that the employer should be        bursed
to the extent of $250 per month for salary advanced ∟y him to
claimant during the time the claimant was out of work, to wit,
from November 27, 1920, to June 21, 1921. The record shows
that the payments made were not as compensation but were made
as salary. There is nothing to show that the employer ever
considered that the payments so made were to be treated as
advancements of compensation. His assistant testified that the
employer did not expect any moneys to be returned. The authority
of his assistant, however, to make such a statement is questioned
and properly so. The claimant testified that he had an independent
agreement with the employer for reimbursement. The statute in
force at the time of the accident and which controls in this case is
section 20-a of the Workmen's Compensation Law of 1914, as added
by chapter 168 of the Laws of 1915, and further amended by chap-
ter 629 of the Laws of 1919, which provided that the employer or
insurance carrier might at his option advance any sum or sums of
money under conditions provided in such law. The statute also
provided that " any employer who has made an advance payment
under this section shall be entitled to be reimbursed by his insurance
carrier out of an unpaid instalment or instalments of compen-
sation due." No compensation can be due until an award is made.

The section contemplates the fixing of the compensation, the making of an award and a subsequent application by the employer to the insurance carrier for reimbursement. An application before the award would be prematurely made. Section 25 of the Workmen's Compensation Law of 1922 makes this specific. It must also be remembered that the statute in no place provides for reimbursement of salary paid during disability.

The award should be reversed and the matter remitted to the State Industrial Board, with costs against said Board to abide the event.

All concur.

Award reversed and matter remitted to the State Industrial Board, with costs against said Board to abide the event.