Before STATE INDUSTRIAL BOARD, Respondent.
MARGARET HUTCHINSON, Respondent, *v.* RUFUS DARROW'S SON,
INC., and Another, Appellants.

Third Department, May 6, 1925.

**Workmen's compensation — award — lump sum — claimant asked for lump sum award on ground that she could support herself and children by buying specified house and boarding some relatives therein — claimant's application is unverified and she was not sworn — no evidence that house could be purchased at price stated, that title was clear, that property was worth asking price, or that claimant would be assured income — lump sum award was improperly made.**

The State Industrial Board improperly awarded, under section 25 of the Workmen's Compensation Law, a lump sum to the claimant who is a widow with two young children, since it appears that, while the claimant's application states that she desires to use the money to be awarded her in lump sum for the purpose of purchasing a two-family brick house at a specified location and that by doing so she can support herself and her two children by boarding several of her relatives for a compensation stated in the application to be sufficient to maintain the house and to pay her living expenses, the application is not verified nor was she sworn as a witness at the hearing; and that while an investigator for the board made a favorable report, many of the essential features thereof were mere hearsay evidence.

A lump sum award, under the circumstances, cannot be made in the interests of justice, in the absence of proof that the claimant has an option on the house at the price stated, and that she will use the money for that purpose, the award being made on that condition; that the property is actually worth the amount the seller is asking for it and that the title thereto is clear; and that there is reasonable ground to believe that her relatives will board with her and pay for their board the compensation specified in her application.

APPEAL by Rufus Darrow's Son, Inc., and another, from an award of the State Industrial Board, made on the 28th, day of October, 1924, which commuted all future payments for compensation to the widow of William Hutchinson, deceased, and directed that the whole amount be paid in a lump sum amounting to $6,769.35.

*William B. Davis,* for the appellants.

*Albert Ottinger, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

HINMAN, J.:

The appeal is taken upon the ground that the propriety of the commutation to a lump sum award was not established by competent evidence. Section 25 of the Workmen's Compensation Law provides: " The Industrial Board, whenever it shall so deem advisable, may commute such periodical payments to one or more

lump sum payments to the injured employee, or, in case of death, his dependents, provided the same shall be in the interests of justice." The primary rule of the statute is that periodical payments shall be made. The lump sum award is a departure from the general rule and the statute makes it a condition precedent to the granting of such an award that it shall be "in the interests of justice." As this court said in *Lauritzen* v. *Terry & Tench Co., Inc.* (193 App. Div. 809, 813): "The condition precedent to a lump sum award is that justice shall be done and this involves actual knowledge, so far as prudence and foresight can go, of facts and circumstances which justify a deviation from the primary spirit of the law." We also said in *Adams* v. *N. Y., Ont. & Western R. Co.* (175 App. Div. 714, 717): "Each case should be considered by itself and in each case it should be apparent that there is some circumstance or some feature thereof which differentiates it from the general rule and makes it apparent that such differentiation is 'in the interest of justice.'" (See, also, *Bell* v. *Fraser*, 210 App. Div. 560.)

In the present case the widow has been given an award at the rate of $8.655 weekly during widowhood and her two children, one three years of age and one one year of age, have each been awarded compensation at the rate of $2.885 weekly until each shall have arrived at the age of eighteen years. The total of this compensation is $14.42 per week. The widow in her application for a lump sum award states that she is at present residing on the second floor of an old tenement in New York city and that she cannot support herself and children upon that compensation; and that she cannot leave her children to go out to work. She stated in her application that she desired to purchase a two-family brick house located at 192 Bay Fourteenth street, Brooklyn, at a purchase price of $8,000 of which $6,000 was to be paid in cash and a mortgage of $2,000 at six per cent was to be given for the balance. In her application she stated that she intended to provide room and board in the new house for her brother-in-law and his two small children for $100 per month; that her father would live with her and pay $15 per week for board and room; that she would have an extra room which she would rent to a friend of her father for $5 per week; that she would have a yard for the children to play in; and that she believed it to be a sound investment. An investigator of the State Industrial Board made an investigation and a written report and pronounced the proposition meritorious. The injuries were sustained on February 28, 1924, and death resulted on March 1, 1924.

It may well be in the interest of justice to commute to a lump sum to permit the purchase of this house, in order to permit her

to support herself and her young children at home by taking roomers and boarders. Many essential facts and circumstances other than that, however, which are relied upon as justifying the purchase as a fair financial transaction in the interest of the widow and her children have not been proven by legal evidence. The unverified application of the widow is not legal evidence of the facts therein stated. She was not sworn as a witness. The investigator of the Board made a report which in many essential features was mere hearsay evidence. There is no competent proof in the case that the widow would use the money for the purchase of the house in question, or that any option had been obtained indicating that she could purchase it upon the terms proposed. The award was not conditioned upon the purchase of such property upon the proposed terms. The prospect that the claimant's brother-in-law, together with his two children, would board and room with her and pay one hundred dollars a month was not proven except by the hearsay contained in the investigator's report and in the claimant's unverified application. The same is true of the prospect that claimant's father would board with her and pay fifteen dollars a week and that a friend of her father would pay her five dollars a week for a room. The only proof of the value of the property was the testimony of the investigator who had no experience in buying or selling such property and who was not shown to have any knowledge of the value of that property or of similar property in that locality except as he had been informed by the owner of the property in question who wanted to sell it and by unnamed " business experts " whom he interviewed with reference to the value of the property. There was no legal proof that the alleged owner had good title. Notwithstanding the failure to produce legal evidence of such facts and circumstances bearing directly upon the possibility of such purchase, the value of the property, the terms of purchase, the title to the property and whether the claimant could reasonably be assured of the income proposed by her, the State Industrial Board has directed the payment of the lump sum to the claimant without any conditions whatsoever. It seems to us that the claimant has failed to prove by legal evidence many necessary facts and circumstances relied upon to show that this lump sum payment is in the interest of justice.

The award should be reversed and the claim remitted to the State Industrial Board, with costs against said Board to abide the event.

All concur.

Award reversed and matter remitted, with costs against the State Industrial Board to abide the event.