In the Matter of the Claim of ROBERT KOLODICK against GENERAL ELECTRIC COMPANY, Respondent. STATE INDUSTRIAL BOARD, Appellant.

(Argued November 29, 1932; decided January 10, 1933.)

*John J. Bennett, Jr., Attorney-General* (*Joseph A. McLaughlin* and *Roy Wiedersum* of counsel), for appellant. The award and decision of June 28, 1930, does not as a matter of fact constitute or involve a reclassification of disabilities in violation of any provision of the Workmen's Compensation Law. (*Vincent* v. *Allerton House Co.*, 230 App. Div. 583; *Schaefer* v. *Buffalo Steel Car Co.*, 250 N. Y. 507.)

*Charles Ward Brown* and *Richmond D. Moot* for respondent. The opinion of a member of the Industrial Board is not a decision determining classification under the Workmen's Compensation Law. (*Lorchitsky* v. *Gotham Folding Box Co.*, 230 N. Y. 8; *Clark* v. *Voorhees*, 231 N. Y. 14; *Vincent* v. *Allerton House Co.*, 256 N. Y. 522.) The decision and award of June 28, 1930, is void, for it was made pursuant to a reclassification of claimant's disability, said reclassification having been made more than three years from the date of accident. (*Schaefer* v. *Buffalo Steel Car Co.*, 250 N. Y. 507; *Vincent* v. *Allerton House Co.*, 256 N. Y. 522; *Lorchitsky* v. *Gotham Folding Box Co.*, 230 N. Y. 8; *Clark* v. *Voorhees*, 231 N. Y. 14; *Marsh* v. *Elba Bank & Trust Co.*, 205 Ala. 425; *Schleier* v. *Bonella*, 77 Col. 603; *Marshall & Spencer Co.* v. *People's Bank*, 88 Fla. 190; *Watkins* v. *Dunbar*, 318 Ill. 174; *Quinn-Sheperdson Co.* v. *U. S. Fidelity & Guaranty Co.*, 149 Minn. 261.)

KELLOGG, J. There was introduced into section 15 of the Workmen's Compensation Law (Cons. Laws, ch. 67), by chapter 557 of the Laws of 1927, a new subdivision entitled " 6-a," which read as follows: " The board may, within one year from the date of the accident,

upon its own motion, or on application of any party in interest, reclassify a disability upon proof that there has been a change in condition, or that the previous classification was erroneous and not in the interest of justice." The section was amended by chapter 292 of the Laws of 1931 in the particular only that the words " within three years " were substituted·for the words " within one year." Prior to the passage of the act of 1927 it had uniformly been held that the Industrial Board was vested with ·plenary power to rescind awards previously made; to reclassify disabilities; to make, in place of rescinded awards, new awards conformable with the proof; and this whether or not any change of condition had been shown. (*Matter of Kriegbaum* v. *Buffalo Wire Works Co., Inc.*, 182 App. Div. 448; 224 N. Y. 621; *Matter of Cohen* v. *Ashford Plumbing Co.*, 203 App. Div. 261; 235 N. Y. 576.) The restriction that " no such review shall affect such award as regards any moneys already paid " (§ 22) need not now be considered. It thus appears that the adoption of subdivision 6-a had the effect, not of enlarging, but of greatly limiting the powers of the Board in respect to the rescission or modification of prior awards. Indeed, the new subdivision has force merely as it prohibits, by implication, the reclassification of a disability after the lapse of three years from the date of the accident, and not otherwise. The statute introducing the subdivision 6-a took effect on July 1, 1927.

Prior to April 19, 1927, the claimant had been the beneficiary of many awards which classified his disability as temporary total. On that date, Richard J. Cullen, a member of the Industrial Board, made a finding that the claimant's condition was " one of permanent partial disability for which compensation should be awarded under the provisions of section 15, subdivision 3-u [now v] of the Workmen's Compensation Law," and promulgated an award accordingly. On April 25, 1927, notices were sent out informing the parties that on April 19, 1927,

the previous awards for temporary total disabilities were rescinded, and a new award had been made on the basis of the reduced earning capacity of claimant. The carrier argues that the finding made by Cullen was merely a part of an interdepartmental communication, and not an award. Obviously this is not so, for Cullen states, " I hold that his [claimant's] condition is one of permanent partial disability," and says " award is hereby made." That, in so deciding, he was well within his authority is seen by a reading of section 27 of the Labor Law (Cons. Laws, ch. 31), which provides that any hearing authorized to be conducted by the Industrial Board may be heard by any individual member thereof, " and the order, decision or determination of such member shall be deemed the order, decision or determination of the board from the date of filing thereof in the department." Moreover, the order of the Appellate Division, to which the carrier appealed, states the appeal of the carrier to have been " from the award and decision of the Industrial Board of the State of New York made and entered herein on the 25th day of April, 1927," that being the very date which the notice of award, following the decision by Cullen, bears upon its face. It seems clear that the reclassification was made before the subdivision 6-a, forbidding a reclassification in such a case, took effect.

True it is that the Appellate Division reversed the award so made by Cullen. However, its reversal was not placed upon the ground that the reclassification made thereby was erroneous, but resulted from the fact that no finding had been made fixing the wage-earning capacity of claimant. The case was remitted for further consideration by the Industrial Board, which subsequently, on March 20, 1928, took further evidence, determined the diminished earning capacity of claimant, and made an award on the basis of reduced earning capacity under subdivision 3-u (now v). This award was affirmed by the Appellate Division (226 App. Div. 711) and by this

court (252 N. Y. 522). It is immaterial that, upon the appeal, the point was not made that on March 20, 1928, it was too late for the Industrial Board to have reclassified the disability. The fact remains that, even though the prior reclassification by Cullen on April 19, 1927, had been eliminated by the subsequent reversal, nevertheless, the classification made by the Board on March 20, 1928, was final and conclusive, as established by the subsequent affirmances. This classification finally gave the claimant's injuries the character of a permanent partial disability. When the Board subsequently made the award, from which the present appeal lies, it followed the classification already made in the prior award. It could not do otherwise. Therefore, the award did not involve a reclassification.

The order of the Appellate Division should be reversed and the award of the State Industrial Board affirmed, with costs in the Appellate Division and in this court to the State Industrial Board.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.