In the Matter of the Claim of DOMINIC PALMERI, Respondent, against E. I. DUPONT DENEMOURS & COMPANY, INCORPORATED, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision and award of the Workmen's Compensation Board. In 1951 claimant suffered an injury to his back while working for the appellant employer. Awards for periods of total disability and reduced earnings were made from time to time and were paid. On March 17, 1953, with the consent of the parties, the referee made an award for reduced earnings from September, 1952, to January, 1953, and closed the case with a finding that there was no further causally related disability. On March 21, 1954, the claimant allegedly suffered a recurrence of his back condition when he arose from a table at home. He was completely disabled for several weeks and, on March 30, 1954, he applied to reopen the case. In 1955, after hearings, the board made an award for periods of disability in 1954 and directed that the case be continued. The carrier objects to the decision and award for disability subsequent to March, 1953, on the ground that the board has no power to reopen the case and that there is no substantial evidence of causal relationship between the accident of 1951 and the disability of 1954. There was a conflict of medical testimony but the board had the right to accept the testimony of the claimant's physician and to find that the claimant was disabled in 1954 and that the disability was caused by the accident of 1951. It is argued by the employer that the award cannot be based on the testimony of the claimant's physician because the board found as a fact in 1953 that the claimant was no longer disabled and the claimant's physician admitted that his conclusion of causal relationship was based on the assumption that the claimant was disabled in 1953. The difficulty seems to be purely semantic. The board's finding of no further disability in 1953 meant that the claimant was able to work at that time, but it did not mean that

there were no longer any effects of the accident which might produce disability in the future. The board's 1953 finding therefore did not foreclose a subsequent finding that the claimant was disabled in 1954. Furthermore, even if the board's 1953 finding is construed to mean that all possible effects of the accident were at an end at that time, the board necessarily modified that finding by implication by its finding of disability and causal relationship in 1955. The continuing jurdisdiction of the board (Workmen's Compensation Law, § 123) is broad enough to authorize this action (cf. *Cohen* v. *Ashford Plumbing Co.*, 203 App. Div. 261, affd. 235 N. Y. 576; *Matter of Krevac* v. *310 East 55th St., Inc.*, 261 App. Div. 860, affd. 287 N. Y. 621). The employer argues that the board's power to reopen cases is limited by section 22 of the Workmen's Compensation Law to cases where there has been a "change of condition" but even if we assume that to be so, there obviously has been a change of condition here. The claimant was able to work in March of 1953; he was not able to work during the periods covered by the award of 1955. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.